RUTH WILLIAMS *v.* STATE OF CONNECTICUT

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued June 2—decided June 22, 1965

*Edward B. Winnick,* with whom, on the brief, were *Alexander Winnick, Arnold M. Potash* and *David W. Skolnick,* for the appellant (plaintiff).

*Louis Weinstein,* assistant attorney general, with whom, on the brief, were *Harold M. Mulvey,* attorney general, and *Stephen J. O'Neill,* assistant attorney general, for the appellee (state).

MURPHY, J.  The plaintiff is an employee of the state labor department at its New Haven office.  On August 16, 1962, she drove her automobile to a picnic area in East Hartford where a labor union which represents some of the employees in the department was holding a picnic for employees of the department, their families and friends.  In walking from the automobile parking space to the main gate of the picnic area, the plaintiff stepped into a hole in the ground and fell, injuring her right arm.  The commissioner found that the injury arose out of and in the course of her employment for the labor department.  Upon appeal, the Superior Court corrected the commissioner's finding in two respects and rendered judgment reversing the commissioner and sustaining the state's appeal.  The plaintiff has appealed from that judgment.

It is unnecessary to recite in detail the corrected finding.  Suffice it to say that the picnic was not given by the department so that the rule of *Smith* v. *Seamless Rubber Co.,* 111 Conn. 365, 368, 150 A. 110, would apply.  While the employees of the department were privileged to attend the outing and were given time off from their work without loss of pay if they did attend, there was no compulsion that they do so, and those who exercised the privilege to attend did so voluntarily.  The picnic was

given by the union in the expectation that it would help them get new members. Attendance at it was not restricted to the employees in the department who belonged to the union. The department extended to its employees a personal privilege to participate in the function, and the mere fact that good union relations might result therefrom is not sufficient to cast upon the state the obligation to compensate the plaintiff for her injury. *Mulligan* v. *Oakes*, 128 Conn. 488, 491, 23 A.2d 870. The plaintiff's accident did not arise out of or in the course of her employment. *McKiernan* v. *New Haven*, 151 Conn. 496, 498, 199 A.2d 695.

There is no error.

In this opinion the other judges concurred.