EDWARD BROWN *v.* DEPARTMENT OF
CORRECTION ET AL.
(AC 24990)

Schaller, Dranginis and Dupont, Js.

Argued January 13—officially released May 17, 2005

*Mark S. Loman,* for the appellant (plaintiff).

*Nancy R. Sussman,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *William J. McCullough,* assistant attorney general, for the appellee (named defendant).

*Opinion*

SCHALLER, J. The plaintiff, Edward Brown, appeals from the judgment of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner (commissioner) dismissing his claim for workers' compensation benefits. On appeal, the plaintiff contends that the board improperly (1) reached a conclusion unsupported by the findings of the commissioner and (2) concluded, as a matter of law, that he was required to demonstrate that his employer benefited from his participation in a charity event. We affirm the decision of the board.[1]

---

[1] Despite the invitation by the defendant department of correction to do otherwise, we focus our analysis on the board's reasoning for denying the claim for compensation and leave for another day a question answered by the commissioner, namely, whether the charitable event fell within the definition of social or recreational activity as defined by General Statutes § 31-275 (16) (B) (i).

The following additional facts and procedural history are necessary for our resolution of the plaintiff's appeal.[2] On April 20, 2001, the defendant department of correction (department)[3] employed the plaintiff as a community enforcement counselor. The plaintiff usually worked in Wethersfield, but from April 16 through April 20, 2001, he attended off-site training in Enfield. On the last day of the plaintiff's training, held at the Carl Robinson Correctional Institution (institution), the department had permitted the Special Olympics to hold a charitable event in the parking lot of the institution. The department allowed charitable events to occur in the workplace throughout the year, and had notified its employees about the Special Olympics event. The department permitted its employees to participate in the event on a voluntary, rather than a compulsory basis.

Following the conclusion of his training, the plaintiff attended the event and paid five dollars to the Special Olympics to shoot basketballs. The plaintiff injured his knee while shooting and notified the department's employee supervising the basketball shooting area.[4] He also orally notified his supervisor, Sandra Montesi, on the same day regarding his injury. On or before May 1, 2001, the plaintiff indicated to Montesi that he wanted to file a claim for workers' compensation benefits pursuant to the Workers' Compensation Act (act), General Statutes § 31-275 et seq., and he reiterated this on or about May 28, 2001. The plaintiff submitted his claim form on May 29, 2001, and the department of administrative services received it on or about June 3, 2001. Notice

---

[2] The parties submitted a stipulation of facts as a joint exhibit to the commissioner and this submission formed the basis of the commissioner's findings.

[3] GAB Robins North America, Inc., the workers' compensation administrator for the department of correction, is also a defendant in this case.

[4] The plaintiff testified that the injury to his knee required surgery and that he was forced to accept only light duty assignments.

that this claim was being contested was filed on August 2, 2001.

After a hearing held on September 4, 2002, the commissioner issued a written finding and award, concluding that the plaintiff did not suffer a personal injury pursuant to General Statutes § 31-275 (16) (B) (i).[5] Specifically, the commissioner found that the plaintiff had completed his work responsibilities for the day, remained on the department's premises, paid a charitable fee to shoot basketballs and injured his knee. The commissioner concluded that such "activity was a voluntary participation by the [plaintiff] and therefore § 31-275 (16) (B) (i) applies." The commissioner dismissed the claim.

On January 14, 2003, the plaintiff filed his appeal to the board,[6] alleging that the commissioner improperly dismissed his claim by misapplying § 31-275 (16) (B) (i). On January 16, 2003, the commissioner denied the plaintiff's motion for articulation. On February 5, 2003, the plaintiff appealed the denial of his motion for articulation to the board. On December 17, 2003, the board issued its opinion, affirming the decision of the commissioner. The board stated that the plaintiff presented two issues for resolution: (1) whether the commissioner failed to find that the major purpose of the event was either social or recreational as required by § 31-275 (16) (B) (i) and (2) whether the commissioner improperly denied his motion for articulation. The board quickly disposed of the plaintiff's second claim, noting that it was clear that the commissioner's finding regarding the

[5] General Statutes § 31-275 (16) (B) provides in relevant part: " 'Personal injury' or 'injury' shall not be construed to include: (i) An injury to an employee which results from his voluntary participation in any activity the major purpose of which is social or recreational, including, but not limited to, athletic events, parties and picnics, whether or not the employer pays some or all of the cost of such activity . . . ."

[6] See General Statutes § 31-301.

fact that the plaintiff, on the date of his injury, had finished his work responsibilities but remained on the premises of the department was based on the plaintiff's testimony. It further determined that if the plaintiff desired to contest this finding, he could have filed a motion to correct pursuant to § 31-301-4 of the Regulations of Connecticut State Agencies.

With respect to the plaintiff's first claim, the board concluded that it was unnecessary to determine whether a charitable event was encompassed by § 31-275 (16) (B) (i). Instead, the board focused on the requirement that compensable injuries be connected causally to the plaintiff's employment. In affirming the commissioner's decision, the board stated: "The [plaintiff's] charitable contributions are certainly laudable; however, when his injury occurred, he was not doing anything incidental to his employment as to bring him under the Workers' Compensation Act. These facts were stipulated. So, as a matter of law, the injury did not arise out of and in the course of the [plaintiff's] employment. Therefore, his injuries are not compensable." This appeal followed.[7]

As a preliminary matter, we identify the relevant legal principles that guide our resolution of the plaintiff's appeal. "It is an axiom of [workers'] compensation law that awards are determined by a two-part test. The [plaintiff] has the burden of proving that the injury claimed arose out of the employment and *occurred in the course of* the employment. There must be a conjunction of [these] two requirements . . . to permit compensation. . . . The former requirement relates to the origin and cause of the accident, while the latter requirement relates to the time, place and [circumstance] of the accident." (Emphasis in original; internal quotation marks omitted.) *Kolomiets* v. *Syncor International*

---

[7] See General Statutes § 31-301b.

*Corp.*, 252 Conn. 261, 266, 746 A.2d 743 (2000). The party seeking the award must satisfy both parts of the test. Id.; see also *Spatafore* v. *Yale University*, 239 Conn. 408, 417–18, 684 A.2d 1155 (1996).

"In order to establish that [the] injury occurred in the course of employment, the [plaintiff] has the burden of proving that the accident giving rise to the injury took place (a) within the period of the employment; (b) at a place [the employee] may reasonably [have been]; and (c) while [the employee was] reasonably fulfilling the duties of the employment *or doing something incidental to it.*" (Emphasis added; internal quotation marks omitted.) *Antignani* v. *Britt Airways, Inc.*, 58 Conn. App. 109, 114, 753 A.2d 366, cert. denied, 254 Conn. 911, 759 A.2d 504 (2000). Furthermore, "[t]he determination of whether an injury arose out of and in the course of employment is a question of fact for the commissioner." *Spatafore* v. *Yale University*, supra, 239 Conn. 418; see also *Pagani* v. *BT II, Limited Partnership*, 24 Conn. App. 739, 745–46, 592 A.2d 397, cert. denied, 220 Conn. 902, 593 A.2d 968 (1991). In the present case, the proper inquiry and the dispositive issue is whether the plaintiff, in paying five dollars to shoot basketballs at the charitable event following the conclusion of his work responsibilities, was doing something incidental to his employment.[8] Whether it was incidental to his employment turns on whether his participation in the charitable event benefited his employer.

I

The plaintiff first argues that the board improperly reached a conclusion unsupported by the findings made

[8] The parties stipulated that the plaintiff, at the time of his injury, was at a place where he reasonably could have been. Shooting basketballs, however, cannot be said to constitute reasonably fulfilling the plaintiff's duties of employment.

by the commissioner. Specifically, the plaintiff contends that the board exceeded its proper scope of review by finding that the department did not permit or facilitate charitable events on its property on a frequent and regular basis. We are not persuaded.

At the outset of our discussion, we set forth the scope of our review. "The commissioner is the sole trier of fact and [t]he conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . The review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . [I]t is [obligated] to hear the appeal on the record and not retry the facts. . . . On appeal, the board must determine whether there is any evidence in the record to support the commissioner's finding and award. . . . Our scope of review of [the] actions of the [board] is [similarly] . . . limited. . . . [However,] [t]he decision of the [board] must be correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." (Internal quotation marks omitted.) *Mahoney* v. *Bill Mann Tree Service, Inc.*, 67 Conn. App. 134, 136, 787 A.2d 61 (2001); see also *Gartrell* v. *Dept. of Correction*, 259 Conn. 29, 36, 787 A.2d 541 (2002). Put another way, the board is precluded from substituting its judgment for that of the commissioner with respect to factual determinations. See *Carlino* v. *Danbury Hospital*, 1 Conn. App. 142, 145–46, 468 A.2d 1245, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984); see also Regs., Conn. State Agencies § 31-301-8.

The commissioner found that the department permitted the Special Olympics to hold a charitable event on April 20, 2001, on property within the department's control and supervision. The commissioner also found that the department permitted a number of charitable

events in the workplace during the course of the year. There were no findings indicating how often the department permitted charitable events to occur. As we discuss in part II, the frequency of the charitable events permitted by the department was indeed a material fact in this case. It was the plaintiff's burden to establish all of the facts necessary to support his claim for compensation, particularly the frequency of charitable events allowed by the department. We cannot say that it was improper for the board to conclude, on the basis of the facts found by the commissioner and the absence of evidence submitted by the plaintiff, that charitable events did not regularly occur on the department's premises.

II

The plaintiff next argues that the board improperly concluded, as a matter of law, that he was required to demonstrate that his employer benefited from his participation in a charity event.[9] Specifically, he contends that the rule set forth in the landmark case of *McNamara* v. *Hamden*, 176 Conn. 547, 398 A.2d 1161 (1979), applies because the department regularly and frequently permitted charitable events on its premises. We disagree.

In order to resolve this issue, we must set forth the facts of *McNamara*. In that case, employees received permission to set up a Ping-Pong table in the employer's garage. Id., 548. The employer permitted the employees to play every day for thirty minutes prior to the start of the work day, during lunch and for thirty minutes prior to the end of the work day. Id., 548–49. This

---

[9] We note that it is well within the board's authority to make a legal conclusion, on the basis of the facts found by the commissioner, regarding whether all of the elements concerning compensation have been met. Such a conclusion does not require deference to the commissioner. See *Carlino* v. *Danbury Hospital*, supra, 1 Conn. App. 146.

arrangement lasted for several months, until one of the employees tripped and fell while playing Ping-Pong, severely injuring his right ankle. Id., 549. The plaintiff filed a claim for compensation benefits. In resolving the injured employee's appeal, our Supreme Court noted that the dispositive issue was whether the injured employee was engaged in an activity, namely, playing Ping-Pong, that was incidental to his employment. Id., 551. After setting forth the general rule applicable to workers' compensation claims, our Supreme Court stated: "We now go a step further and hold that when determining whether the activity is incidental to the employment, the following rule should be applied: If the activity is regularly engaged in on the employer's premises within the period of the employment, with the employer's approval or acquiescence, an injury occurring under those conditions shall be found to be compensable." Id., 556. The court also noted that "[a]ctivities *that occur only seldom or once logically require more proof of employment connection, such as employer benefit.*" (Emphasis added.) Id., 554 n.1.

The question of whether the activity is regularly engaged in on the employer's premises is nonetheless a factual question to be resolved by the trier of fact. See *Pagani* v. *BT II, Limited Partnership*, supra, 24 Conn. App. 746. In part I, we concluded that the commissioner did not find that the department regularly allowed charitable events on its premises. The plaintiff, therefore, failed to meet his burden of proof with respect to this issue. Accordingly, the facts of this case do not fall within the test set forth in *McNamara*, and therefore, proof of employer benefit is required.[10]

We are persuaded, as was the board, that *Smith* v. *Seamless Rubber Co.*, 111 Conn. 365, 150 A. 110 (1930),

---

[10] In *Antignani* v. *Britt Airways, Inc.*, supra, 58 Conn. App. 116–19, we noted that as a result of the complexity of factual variations in workers' compensation jurisprudence, a number of special tests have evolved.

provides us with more relevant guidance. In that case, in affirming the denial of benefits, our Supreme Court stated: "Where an employer merely permits an employee to perform a particular act, without direction or compulsion of any kind, the purpose and nature of the act becomes of great, often controlling significance in determining whether an injury suffered while performing it is compensable. If the act is one for the benefit of the employer or for the mutual benefit of both, an injury arising out of it will usually be compensable; *on the other hand, if the act being performed is for the exclusive benefit of the employee so that it is a personal privilege or is one which the employer permits the employee to undertake for the benefit of some other person or for some cause apart from his own interests, an injury arising out of it will not be compensable.*" (Emphasis added.) Id., 368–69.

More recently, in *Spatafore* v. *Yale University*, supra, 239 Conn. 421, our Supreme Court stated: "Consequently, when an employee has sustained an injury while traveling to and from work, but there also existed some work related recreational or social aspects, as in traveling to a union sponsored picnic, the benefit test has been applied and we have held that that employee could fall within the act's coverage by demonstrating that the activity that took him outside the place and period of employment had been for the employer's benefit. . . . This independently convincing association with the employment is needed in order to overcome the initial presumption of disassociation with the employment established by the time and place factors." (Citations omitted; internal quotation marks omitted.) It is clear, therefore, that absent some frequent activity, endorsed, approved or permitted by the employer, a claimant must demonstrate some benefit to his or her employer in order to satisfy the "incident to employment" requirement.

In the present case, the activity in question was a charitable event supporting the Special Olympics. Because the rule set forth in *McNamara* is not applicable in the present case, the plaintiff was required to demonstrate that participating in the charitable event was incidental to his employment. In order to do that, he had to establish a benefit to the department. He failed to do so. Accordingly, he failed to prove that his injury arose in the course of his employment, and, therefore, he is not entitled to workers' compensation benefits.

The judgment is affirmed.

In this opinion the other judges concurred.