## MERCEDES CARLINO *v.* DANBURY HOSPITAL ET AL.
### (2064)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

---

Argued October 7, 1983—decision released January 3, 1984

*Kevin J. Maher,* for the appellant (named defendant).

*Richard L. Jacobs,* with whom was *Betty G. Levy,* for the appellee (plaintiff).

BORDEN, J. This is an appeal[1] by the defendant hospital (defendant) from a judgment of the compensation review division reversing the finding and award of the workers' compensation commissioner. The commissioner dismissed the plaintiff's claim for benefits; the review division reversed and awarded benefits.

In an amended and consolidated finding and award, the commissioner found the following facts which are material to this appeal. In January, 1977, the plaintiff, a patient care technician employed by the defendant

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

hospital, injured her back while supporting a patient who had fallen out of bed. At about 7 a.m. the next morning, at the completion of her work shift, she went to the office of the defendant's personnel health physician, Nathaniel Selleck, and told him that she had injured her back the previous night. Selleck did not examine her, but looked at her and told her that she needed a psychiatrist. After this lifting incident, during January, she began to develop back pains and problems with her left leg. On January 27, 1977, she visited another physician, William Sinton, who treated her for back and leg problems and who, on March 22, 1977, admitted her to the defendant hospital where she remained until discharged on May 5, 1977. She has been unable to work since March 22, 1977. She did not give the defendant written notice of claim for compensation within one year of her injury as required by General Statutes § 31-294.

The commissioner concluded that the plaintiff had not established the furnishing of medical care within the meaning of General Statutes § 31-294 and dismissed the claim. The compensation review division reversed, concluding that the facts found did establish the furnishing of medical care within the meaning of that statute. The defendant appealed.

I

We first address a claim of the defendant on appeal which requires some further procedural history. The review division's final finding and award was preceded by two remands by it to the commissioner for further factual findings. Thus, there were, in all, three findings and awards by the commissioner and three findings and awards by the review division. The plaintiff filed a formal appeal to the review division only after the commissioner's first finding and award. The defendant argues that once the review division remanded the case

to the commissioner it lost jurisdiction over the matter and the plaintiff was required to file a new appeal after each new finding and award of the commissioner.[2] We disagree.

It is clear that the purpose of the review division's first two remands was to require the commissioner to supplement and clarify his findings and awards so that the review division could make a final decision on the merits of the appeal. General Statutes § 31-301 provides in pertinent part: "Upon *the final determination of the appeal* by the compensation review division, it shall issue its decision, affirming, modifying or reversing the decision of the commissioner." (Emphasis added.) A decision to remand to the commissioner for him to supplement and clarify his findings cannot be construed as a final determination of the appeal. See *Dombach* v. *Olkon Corporation,* 163 Conn. 216, 228, 302 A.2d 270 (1972). Under these circumstances the review division retained jurisdiction over the appeal. To hold otherwise would require after each such remand a new appeal process with new filing periods and reasons of appeal. See Regs., Conn. State Agencies §§ 31-301-1, 31-301-2, enacted pursuant to General Statutes § 31-301. The Workers' Compensation Act does not contemplate such an unnecessarily burdensome brochure.

## II

The defendant next argues that the review division, in ruling that the defendant had furnished medical care to the plaintiff, substituted its judgment for that of the commissioner on a question of fact in violation of the review division's own regulations. See Regs., Conn. State Agencies § 31-301-8. We disagree that the determination of whether the contact between the plaintiff

---

[2] In the proceedings before the review division, the defendant moved to dismiss the appeal. The review division denied the motion.

and Selleck constituted the furnishing of medical care within the meaning of General Statutes § 31-294 is a factual one, and we agree with the review division's conclusion that that contact constituted such care, but on a basis somewhat different from that of the review division.

Since the plaintiff did not give to the defendant the written notice of her injury required by General Statutes § 31-294 and since none of the other statutory exceptions apply, in order for the commissioner to have had jurisdiction over her claim it is necessary that she was, within the applicable period, furnished by the defendant with medical care for her injury within the meaning of General Statutes § 31-294. *Gesmundo* v. *Bush,* 133 Conn. 607, 612, 53 A.2d 392 (1947). The subordinate facts concerning the plaintiff's visit to the defendant's personnel health office were found by the commissioner.[3] Whether those facts constituted the furnishing of medical care under the statute is a legal conclusion on which neither the review division nor this court must defer to the commissioner. See *Kulis* v. *Moll,* 172 Conn. 104, 107, 374 A.2d 133 (1976).

In reaching its conclusion, however, the review division improperly added to the facts found by the commissioner. The commissioner found in essence that at the end of her shift following the injury to her back the plaintiff went to the office of the defendant's personnel health physician and told him that she had injured her back; he did not examine her but looked at her and told her she needed a psychiatrist.[4] The review division, in its finding and award, elaborated on this somewhat spare finding as follows: "At the time, the plaintiff

---

[3] Although the commissioner's final finding and award is less than a model of clarity on this issue, the review division read it as having found those facts, and we also read it as such.

[4] There is some indication in the record that emotional overlay was a factor in a prior compensable injury of the plaintiff.

told Dr. Selleck her complaints due to the claimed injury, and he told her that sometimes with a physical injury that is associated with pain, seeing a psychiatrist would help or could help. Dr. Selleck advised the plaintiff that she needed a psychiatrist." This addition and elaboration, which was not done on the basis of additional evidence or testimony before the review division; see General Statutes § 31-301; and which was not undisputed in the record, was in violation of the mandate of General Statutes § 31-101 that the review division, unless it decides to hear additional evidence and testimony, "shall hear the appeal on the record of the hearing before the commissioner," and was in violation of the regulatory mandate that the "division will not retry the facts." Regs., Conn. State Agencies § 31-301-8.

We are left, then, with the facts as found by the commissioner. We conclude, nonetheless, that those facts constitute the furnishing of medical care within the meaning of General Statutes § 31-294.

General Statutes § 31-294 provides in pertinent part as follows: "No proceedings for compensation . . . shall be maintained unless a written notice . . . is given within one year from the date of the accident . . . ." Section 31-294, however, provides an exception to that requirement "if within the applicable period an employee has been furnished, for the injury with respect to which compensation is claimed, with medical . . . care *as hereafter provided in this section.*" (Emphasis added.) The medical care "as hereafter provided" is referred to as follows: "The employer, *as soon as he has knowledge of any such injury, shall provide a competent physician . . . to attend the injured employee* and, in addition, shall furnish such medical . . . aid . . . as such physician . . . deems reasonable or necessary. Such physician . . . shall be selected by the employee from an approved list of physicians . . . prepared by the commissioners . . . *pro-*

*vided, however, where the employer has a full-time staff physician . . . the initial treatment required immediately following the injury may be rendered by such physician . . . ."* (Emphasis added.) General Statutes § 31-294. Thus, this portion of the statute is satisfied if the following two elements are established: (1) the employer knows of the injury; and (2) the employer provides a competent physician, who may be a full-time staff physician, "to furnish immediate initial treatment." *Kulis* v. *Moll,* supra, 108. It is these "acts of furnishing medical . . . care by the employer which . . . relieve the employee of the statutory requirement to give written notice of his claim for compensation within one year from the date of the accident." Id.

Here the plaintiff, having sustained an injury which arose out of and during the course of her employment, went to the office provided by the defendant for its employees' health and reported the injury to the doctor there. This provided the defendant with the requisite knowledge of the injury. Selleck's status as the defendant's personnel health physician is not questioned on this record. Thus, the defendant had provided a full-time staff physician. The fact that Selleck's response to the plaintiff's notice of her injury may have been unwise, cavalier or even flippant, is of no moment. It is of moment, however, that he was "a competent physician [provided] to attend" the plaintiff; General Statutes § 31-294; and that his response was cast in medical terms and thus must be considered as the furnishing of immediate initial treatment. The statute does not contemplate that the employee be penalized if the treatment furnished is inadequate or misplaced.

*Kulis* v. *Moll,* supra, on which the defendant relies, does not control here. There the court held that the employer's act of driving his employee to the hospital did not constitute the furnishing of medical care. Id., 107. The case turned on the fact, however, that there

was no evidence to indicate whether the plaintiff, whom the defendant found on the ground, had suffered a sudden illness, an accident or an external assault before the defendant drove him to the hospital; thus, the defendant had no indication of his potential exposure until much later when his opportunity for investigation had passed. Id., 111–12. In this case, the plaintiff's statement to Selleck gave sufficient indication of a work-related injury with ample opportunity for prompt investigation.

Indeed, this case is much closer to *Gesmundo* v. *Bush,* supra. There the employee's supervisor, having received oral notice of the employee's injury, told him to see a doctor who attended injured employees of the employer. The doctor made an initial diagnosis and gave the employee instructions to follow which were unsuccessful. The employee subsequently consulted other doctors. The court held that "[t]he examination by the doctor and the giving of instructions to the plaintiff constituted 'medical treatment' as those words are used in the statute. To 'furnish' means to 'provide' or 'supply.' Webster, Third New International Dictionary. That the plaintiff saw fit to pay the doctor does not alter the situation; it is the fact that the defendant, through its superintendent, made provision for medical treatment that makes unnecessary the formal notice." *Gesmundo* v. *Bush,* supra, 612. Similarly, the fact that Selleck, having been informed of the injury, declined to examine the plaintiff and instead told her to see a phsyciatrist must be taken as a form of medical treatment; "it is the fact that the defendant, through its [personnel health office], made provision for medical treatment that makes unnecessary the formal notice." Id.

There is no error.

In this opinion the other judges concurred.