RAMONA MELENDEZ *v.* VALLEY METALLURGICAL
PROCESSING COMPANY, INC., ET AL.
(AC 24872)

Bishop, DiPentima and Berdon, Js.

Argued October 26, 2004—officially released January 18, 2005

*Richard E. Gruskin,* for the appellant-appellee (plaintiff).

*Nancy S. Rosenbaum,* for the appellees-appellants (named defendant et al.).

Opinion

DiPENTIMA, J. Following an unsuccessful appeal to this court from the decision of the workers' compensation commissioner, the plaintiff, Ramona Melendez, filed a motion to open the decision of the workers' compensation review board (board), which the board granted. The principal question presented in this appeal is whether the board had subject matter jurisdiction to act on the plaintiff's motion.[1] We conclude that it did not and therefore reverse the decision of the board.

On June 18, 1970, Nozario Melendez was injured in a work-related accident and died of those injuries the following day. Thereafter, the defendants, Valley Metallurgical Processing Company, Inc., and Wausau Insurance Company (Wausau),[2] were ordered to pay weekly benefits of $66.61 to the plaintiff widow beginning June 19, 1970, and continuing weekly until her death or remarriage. At the time of that award, the Workers' Compensation Act, General Statutes § 31-275 et seq., did not provide for cost of living adjustments for widows.

In 1977, General Statutes § 31-306 was amended to provide for cost of living adjustments. Beginning October 1, 1977, the plaintiff was thus entitled to such allowances. Although Wausau continued to pay the weekly benefits due to the plaintiff, no cost of living payments

---

[1] The plaintiff raises six claims on appeal concerning the award of interest, penalties and attorney's fees. Because we conclude that the board lacked jurisdiction to open its decision, we do not address those claims.

[2] Although originally named as a defendant, the second injury fund was, by stipulation of the parties, released from the proceedings. We refer in this opinion to Valley Matallurgical Processing Company, Inc., and its insurer as the defendants.

were made. For the next twenty-two years, this pattern continued.

The plaintiff began receiving weekly benefits that included cost of living payments on May 13, 1999. At that time, the parties agreed that the plaintiff was entitled to a base principal payment of $127,998.51 for the cost of living arrearage, which Wausau paid on June 10, 1999. The parties disputed the issues of interest, penalties and attorney's fees.

The tortured procedural history of this case commenced on November 15, 1999, when a formal hearing was held before a commissioner of the workers' compensation commission. On January 14, 2000, the commissioner issued a finding and award in which he awarded interest and attorney's fees to the plaintiff. The commissioner denied the claim for penalty interest under General Statutes §§ 31-300 and 31-303.

The plaintiff appealed from that decision to the board, contending, inter alia, that the commissioner had awarded insufficient interest, penalties and attorney's fees. In a decision dated May 1, 2001, the board affirmed in part and reversed in part the commissioner's finding and award. It remanded the matter to the commissioner for further evidentiary proceedings regarding the calculation of interest and attorney's fees. The plaintiff appealed from the board's decision to this court, which dismissed the appeal for lack of a final judgment.

On remand, the commissioner issued a finding and award dated January 28, 2003, in which he recalculated the interest amount and vacated the original award of attorney's fees. The commissioner also found that the defendants had not unreasonably contested liability. In response, the plaintiff appealed from that decision not to the board, but rather to this court. By order dated May 14, 2003, we granted the defendants' motion to dismiss the appeal. The plaintiff filed a petition for

certification to appeal from our judgment, which our Supreme Court denied. See *Melendez* v. *Valley Metallurgical Processing Co.*, 266 Conn. 904, 832 A.2d 64 (2003).

The plaintiff then filed with the board a motion to open the decision on September 22, 2003, specifically requesting that the board "render its final decision." In response, the defendants filed an objection to the motion to open. On November 19, 2003, the board issued its ruling on the plaintiff's motion to open the decision. The board granted the motion "as a procedural necessity for the limited purpose of reconfirming [its] prior decision" and incorporated the commissioner's January 28, 2003 findings "as part of our decision." The plaintiff appealed and the defendants cross appealed.

I

In their cross appeal, the defendants raise a question of subject matter jurisdiction. "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Internal quotation marks omitted.) *Figueroa* v. *C & S Ball Bearing*, 237 Conn. 1, 4, 675 A.2d 845 (1996). Pursuant to General Statutes § 31-301b, "[a]ny party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the Appellate Court."

"Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict

compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) *Office of Consumer Counsel* v. *Dept. of Public Utility Control*, 234 Conn. 624, 640, 662 A.2d 1251 (1995).

We note also that although we accord great weight to the construction given to the workers' compensation statutes by the commissioner and the review board, "[a] state agency is not entitled . . . to special deference when its determination of a question of law has not previously been subject to judicial scrutiny. . . . Where . . . [a workers' compensation] appeal involves an issue of statutory construction that has not yet been subjected to judicial scrutiny, this court has plenary power to review the administrative decision." (Citations omitted; internal quotation marks omitted.) *Stickney* v. *Sunlight Construction, Inc.*, 248 Conn. 754, 760, 730 A.2d 630 (1999).

We consider first the specific motion raised before the board, which the plaintiff termed a "motion to reopen judgment." We are aware of no authority that empowers the board to act on such a motion.

"Administrative agencies are tribunals of limited jurisdiction and their jurisdiction is dependant entirely upon the validity of the statutes vesting them with power and they cannot confer jurisdiction upon themselves." *Castro* v. *Viera*, 207 Conn. 420, 428, 541 A.2d 1216 (1988). The compensation review board derives its authority from the Workers' Compensation Act. That act grants no authority to the board to open a decision.[3] Furthermore, the plaintiff has presented this court with no common-law authority in support of the proposition that the board may open its prior decision, nor have

[3] By contrast, commissioners are statutorily empowered to open their awards in certain circumstances. See General Statutes § 31-315.

we discovered any. Absent such authority, we conclude that the board had no jurisdiction to act on the plaintiff's motion.

## II

Had the plaintiff chosen to fully exhaust her administrative remedies by appealing to the board from the commissioner's January 28, 2003 decision, there is little doubt her right to appeal would remain intact. She chose not to pursue that remedy, but rather appealed directly to this court from the decision of the commissioner. That was improper. This court lacks subject matter jurisdiction to hear an appeal brought directly from the decision of the commissioner. *Fantasia* v. *Tony Pantano Mason Contractors, Inc.*, 54 Conn. App. 194, 200, 732 A.2d 822, cert. denied, 250 Conn. 927, 738 A.2d 655 (1999).

Following that misstep, the plaintiff once again petitioned the board via her motion to open the decision. Despite that motion's infirmities, the plaintiff nevertheless contended that the board was empowered to render a modified, final decision that incorporated the commissioner's January 28, 2003 decision. Relying solely on our decision in *Carlino* v. *Danbury Hospital*, 1 Conn. App. 142, 468 A.2d 1245, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984), she argues that the board retained jurisdiction over the appeal when it remanded the matter to the commissioner for further proceedings.

*Carlino* is distinguishable from the present case. In *Carlino*, the remand from the board to the commissioner involved factual findings that the board viewed as a prerequisite to its determination of the issues on appeal.[4] Id., 145. By contrast, the board in the present

---

[4] As the *Carlino* board explained, "[t]here [was] no final determination of an appeal by the compensation review [board] when it [was] remanded to a commissioner for further findings in order that the [board] can decide the appeal." *Carlino* v. *Danbury Hospital*, 25 CRD-7-80 (December 6, 1982). That remand involved "critical findings of fact." Id.

case decided the merits of the plaintiff's appeal on the issues of interest, penalties, attorney's fees and alleged due process violations. The board then remanded the case to the commissioner for further evidentiary proceedings concerning the calculation of interest and the reasonableness of the claimed attorney's fees. When a remand order directs further evidentiary proceedings necessary for the determination of the amount of the award in a workers' compensation case, there is no final decision. *Matey* v. *Estate of Dember*, 210 Conn. 626, 631, 556 A.2d 599 (1989). Moreover, in concluding that the defendants had not unreasonably contested liability, the commissioner's January 28, 2003 decision presented a new appealable issue. For those reasons, the narrow exception carved out in *Carlino* is inapplicable to the present case.

By not appealing to the board from the commissioner's January 28, 2003 decision, the plaintiff failed to comply with the prerequisite to an appeal to this court. See General Statutes § 31-301b. Furthermore, the board lacked the authority to grant the plaintiff's motion to open the decision.

The board's November 19, 2003 decision to open the finding and award is reversed and the case is remanded with direction to dismiss the motion to open.

In this opinion the other judges concurred.