## SUZANNE MERSEREAU SEARLES *v.* DEPARTMENT OF SOCIAL SERVICES
### (AC 26767)

Bishop, Harper and Dupont, Js.

Submitted on briefs April 26—officially released July 11, 2006

*Suzanne Mersereau Searles*, pro se, the appellant, filed a brief.

*Richard Blumenthal*, attorney general, and *Richard J. Lynch* and *Hugh Barber*, assistant attorneys general, filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Suzanne Mersereau Searles, appeals from the judgment of the trial court, dismissing her administrative appeal from the decisions of the defendant, the department of social services, for lack of subject matter jurisdiction. The only issue on appeal is whether the court lacked subject matter jurisdiction to hear the plaintiff's appeal. We conclude that the court lacked subject matter jurisdiction and affirm the judgment of the trial court.

The following undisputed facts are relevant to the resolution of the issue on appeal. The plaintiff has participated in programs administered by the defendant, which include the state supplement program and the

food stamp program.[1] The defendant determined that the plaintiff failed to report all of her income, as required by both programs, and notified the plaintiff of its intention to recover certain overpayment of state supplement benefits through a reduction in future benefits and to disqualify the plaintiff from participating in the food stamp program for a one year period. On May 10, 2004, the plaintiff requested administrative hearings for both of the proposed actions. Although the hearings were held in succession on the same day, there were two separate administrative hearings.[2] The decision upholding the reduction of the plaintiff's state supplement benefits was mailed to the plaintiff on August 31, 2004. The decision upholding the plaintiff's one year suspension from the food stamp program was mailed to the plaintiff on September 8, 2004. On October 19, 2004, the plaintiff filed an application for a waiver of fees, costs and expenses. On October 27, 2004, the court granted the plaintiff's fee waiver application. On November 4, 2004, the plaintiff filed an appeal in the Superior Court, pursuant to General Statutes § 4-183.

On June 13, 2005, the defendant filed a motion to dismiss the plaintiff's administrative appeal, claiming that the plaintiff failed to file the appeal within the forty-five day period prescribed by § 4-183, thereby depriving the court of subject matter jurisdiction. After a hearing on July 5, 2005, the court granted the motion to dismiss and rendered judgment thereon.

---

[1] Pursuant to General Statutes § 17b-600, the state supplement program provides supplemental financial assistance to elderly and disabled persons. Pursuant to § 2011 of title 7 of the United States Code and General Statutes § 17b-2, the food stamp program provides assistance toward the cost of necessary food stuffs.

[2] The defendant provided separate notices of the proposed adverse action, the plaintiff submitted separate requests for administrative hearings, the defendant issued separate notices of the hearings and the defendant issued separate decisions.

"In an appeal from the granting of a motion to dismiss on the ground of subject matter jurisdiction, this court's review is plenary. A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Chayoon* v. *Sherlock*, 89 Conn. App. 821, 825–26, 877 A.2d 4, cert. denied, 276 Conn. 913, 888 A.2d 83 (2005), cert. denied, 547 U.S. 1138, 126 S. Ct. 2042, 164 L.Ed. 2d 797 (2006). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Internal quotation marks omitted.) *Melendez* v. *Valley Metallurgical Processing Co.*, 86 Conn. App. 880, 884, 863 A.2d 744 (2004).

General Statutes § 4-183 (a) provides an avenue for any person, aggrieved by a final administrative decision, to appeal to the Superior Court.[3] Under the statute, an aggrieved person must file the appeal and serve a copy of the appeal on the agency within forty-five days after the administrative agency mailed the final decision. General Statutes § 4-183 (c). When the person appealing claims that he or she cannot pay the costs of an appeal,

[3] General Statutes § 4-183 (a) provides: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal."

he or she may file an application for a waiver of the payment of fees, costs and expenses within the time permitted for filing an appeal. General Statutes § 4-183 (m). The filing of a waiver application tolls the time limit for the filing of an appeal until a judgment on the application is rendered.[4] General Statutes § 4-183 (m).

We first address the plaintiff's appeal from the defendant's decision mailed on August 31, 2004, upholding the reduction of the plaintiff's state supplement benefits. In order to comply with the forty-five day requirement of the statute, the plaintiff was required to file her appeal on or before October 15, 2004. The plaintiff filed her appeal on November 4, 2004. Because she filed her application for waiver of fees, costs and expenses outside the time permitted for filing an appeal, it did not toll the time limit. The court, therefore, was without jurisdiction to consider the plaintiff's appeal from the August 31, 2004 decision.

The court was similarly without jurisdiction to consider the plaintiff's appeal from the defendant's decision mailed on September 8, 2004, upholding the decision to suspend the plaintiff from the food stamp program for one year. In order to comply with the forty-five day requirement of the statute, the plaintiff was required to file her appeal on or before November 1, 2004. Although the plaintiff served a copy of the appeal on the defendant on November 1, 2004, the appeal was not filed with the court until November 4, 2004. Section 4-183 (c) requires that both service on the agency and the filing of the appeal with the Superior Court occur within the forty-five day period. The plaintiff did not comply with the statute. The court, therefore, was without jurisdiction to consider the plaintiff's appeal from the September 8, 2004 decision.

The judgment is affirmed.

---

[4] "Toll" is a legal term of art, meaning "to stop the running of" a statutory time period. Black's Law Dictionary (7th Ed. 1999).