BARBARA PINE ET AL. *v.* DEPARTMENT OF PUBLIC HEALTH ET AL.
(AC 26821)

Bishop, McLachlan and West, Js.

Argued January 9—officially released March 27, 2007

*Thomas E. Crosby*, for the appellants (plaintiffs).

*Kerry Anne Colson*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Richard J. Lynch*, assistant attorney general, for the appellee (named defendant).

*Charles R. Andres*, for the appellee (defendant department of public health of the town of Guilford).

### Opinion

McLACHLAN, J. The plaintiffs, Barbara Pine and Lawrence Dowler, appeal from the judgment of the trial court dismissing their administrative appeal from the decision of the defendant state department of public health, upholding the denial of the plaintiffs' application to reconstruct their existing dwelling by the defendant health department of the town of Guilford.[1] On appeal, the plaintiffs claim that the dismissal of their appeal was improper because the court failed to conclude (1)

---

[1] The defendant health department of the town of Guilford has adopted the brief of the state department of public health. We refer to the state department of public health as the defendant in this opinion.

that the plaintiffs had established a lawful preexisting use of their property as a year-round dwelling prior to the enactment of § 19-13-B100 of the Regulations of Connecticut State Agencies and (2) that Guilford's health director was estopped from enforcing § 19-13-B100 of the state public health code. The defendant has raised the claim that the court lacked subject matter jurisdiction over the plaintiffs' appeal as an alternate ground for affirmance of the judgment of the court. We conclude that although the court properly dismissed the plaintiffs' administrative appeal, it should have been dismissed on jurisdictional grounds. Accordingly, we reverse the judgment and remand the case to the trial court with direction to dismiss the plaintiffs' administrative appeal for lack of subject matter jurisdiction.

The following factual and procedural background is relevant to our consideration of the parties' claims on appeal. The plaintiffs are married to each other. Pine owns real estate located at 136 Daniel Avenue in Guilford, which she acquired in 1987 from the estate of Amelia Ridinger. In 1926, that real estate was part of a summer colony known as Indian Cove, and a hunting shack was the only building on the property. In 1957, Ridinger constructed a dwelling of approximately 522 square feet. The bathroom for that dwelling could be accessed only from the outside. Ridinger resided there on a seasonal basis until 1973, when there was some evidence that she began using the property year round.

In December, 2002, Dowler applied for a permit to demolish the existing building and replace it with a new dwelling consisting of the same square footage. In March, 2003, Dowler received a letter from the director of health at the Guilford health department denying the application. Three reasons were given for that denial: (1) no permits had been issued by the town of Guilford allowing conversion of the use of the property from seasonal to year round, (2) the water supply was not

winterized and (3) the septic system did not comply with § 19-13-B100 of the state public health code. The plaintiffs, pursuant to General Statutes § 19a-229,[2] appealed from that decision to the defendant.[3]

A de novo hearing on the permit denial was held before the defendant on May 7, 2003. A proposed memorandum of decision was mailed to the parties on August 29, 2003. The plaintiffs filed exceptions to the proposed memorandum of decision and submitted alternative proposed findings of fact. On October 31, 2003, the defendant mailed the final memorandum of decision to the parties, which affirmed the Guilford health department's decision of March, 2003. On December 26, 2003, the plaintiffs appealed from the defendant's decision by filing an administrative appeal with the Superior Court pursuant to the Uniform Administrative Procedure Act (UAPA), General Statutes §§ 4-166 through 4-189.

The defendant filed a motion to dismiss the plaintiffs' appeal on July 23, 2004, claiming that the court lacked subject matter jurisdiction because the plaintiffs had not appealed from a final decision in a contested case as required by General Statutes § 4-183.[4] That motion was denied by the court, *Corradino, J.*, on November

---

[2] General Statutes § 19a-229 provides: "Any person aggrieved by an order issued by a town, city or borough director of health may appeal to the Commissioner of Public Health not later than three business days after the date of such person's receipt of such order, who shall thereupon immediately notify the authority from whose order the appeal was taken, and examine into the merits of such case, and may vacate, modify or affirm such order."

[3] At the time of the hearing on the plaintiffs' appeal, the plaintiffs stated that they both were appealing from the denial even though notice had been sent to Dowler only. Pine, as the owner of the property, did not contest receipt of the notice and acknowledged that an objection simply would result in another order being issued to both of them.

[4] General Statutes § 4-183 (a) provides in relevant part: "A person who has exhausted all administrative remedies . . . and who is aggrieved by a final decision may appeal to the Superior Court . . . ."

10, 2004. Thereafter, the court, *Hon. William P. Murray*, judge trial referee, held a hearing on the merits and issued its memorandum of decision on July 19, 2005, dismissing the plaintiffs' appeal. This appeal followed.

After this appeal had been filed and the plaintiffs had filed their brief, the defendant filed a motion to dismiss the plaintiffs' appeal with this court. The defendant claimed that this court lacks subject matter jurisdiction because the plaintiffs did not file their administrative appeal with the Superior Court within forty-five days after the mailing of the final decision, as required by § 4-183 (c).[5] We denied the defendant's motion without prejudice and ordered the parties to file simultaneous supplemental briefs as to whether the failure to file and to serve an administrative appeal within the time limitation in § 4-183 (c) acts as a jurisdictional bar to consideration of the plaintiffs' appeal of an administrative agency's decision.[6]

"[O]nce the question of lack of jurisdiction of a court is raised . . . [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) *D'Eramo* v. *Smith*,

---

[5] General Statutes § 4-183 (c) provides in relevant part: "Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford and file the appeal with the clerk of the superior court for the judicial district of New Britain or for the judicial district wherein the person appealing resides or, if that person is not a resident of this state, with the clerk of the court for the judicial district of New Britain. . . ."

[6] Because a trial court's dismissal of an appeal filed pursuant to the provisions of the UAPA is an appealable final judgment, we have jurisdiction to consider the plaintiffs' appeal, as well as the defendant's claim that the trial court lacked subject matter jurisdiction over the plaintiffs' administrative appeal. See *Drake* v. *Planning & Zoning Commission*, 14 Conn. App. 583, 541 A.2d 1251 (1988).

273 Conn. 610, 616, 872 A.2d 408 (2005). We therefore must consider the defendant's jurisdictional claim before we can reach the plaintiffs' claims on appeal.

"We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Citations omitted; internal quotation marks omitted.) *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 441, 870 A.2d 448 (2005).

"There is no absolute right of appeal to the courts from a decision of an administrative agency. . . . The UAPA grants the Superior Court jurisdiction over appeals of agency decisions only in certain limited and well delineated circumstances." (Internal quotation marks omitted.) Id., 442. "It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Internal quotation marks omitted.) *Searles* v. *Dept. of Social Services*, 96 Conn. App. 511, 513, 900 A.2d 598 (2006).

We first address the issue of whether the plaintiffs' failure to file their administrative appeal with the Superior Court within forty-five days after the mailing of the defendant's final decision deprived the trial court of subject matter jurisdiction over the plaintiffs' appeal. We conclude that it did, and, therefore, we do not reach

the issue of whether the appeal was taken from a "contested case," nor do we address the plaintiffs' claims on appeal.

That precise issue was addressed by our Supreme Court in *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission*, 227 Conn. 848, 633 A.2d 305 (1993). Decided after the legislature enacted a comprehensive revision of the UAPA in 1988, the court concluded that "[t]he plain language of § 4-183 (c) . . . compels the conclusion that both the filing and the service of the appeal must be accomplished within the forty-five day period." Id., 852. "The conclusion that § 4-183 (c) requires both the filing and the service of the appeal within the forty-five day period is buttressed by its legislative history." Id., 853. "[T]he amendments [of 1988] did not change the existing law, so that *a failure to meet the time limitation remains a subject matter jurisdictional defect.*" (Emphasis added.) Id., 854.[7]

The plaintiffs argue that the subsequent case of *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 777 A.2d 645, aff'd after remand, 67 Conn. App. 316, 786 A.2d 1283 (2001), compels a different conclusion. The plaintiffs claim that *Williams* held that time limits do not implicate the subject matter jurisdiction of the agency or the court, that the parties can waive those time limits and that the agency has to make a showing of prejudice to prevail in its claim that the administrative appeal should be dismissed for

---

[7] The court also noted that the 1988 amendments specifically provided that a failure to make timely service on parties other than the agency did not deprive the trial court of subject matter jurisdiction over the administrative appeal. No similar provision was made with respect to the filing of the appeal within the forty-five day period. "The legislature's failure to include in this amendment, or in the debate leading to its enactment, any reference to an untimely filed appeal compels the inference that it intended to leave in place the prior law in that regard." *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission*, supra, 227 Conn. 856.

failure to file it within the forty-five day period set forth in § 4-183 (c). We disagree.

In *Williams*, the court concluded that the 180 day time requirement for filing a discrimination petition with the commission on human rights and opportunities pursuant to General Statutes § 46a-82 (e)[8] was not jurisdictional but rather was subject to waiver and equitable tolling. In reaching that conclusion, the court provided an analysis for deciding whether a time limit implicates subject matter jurisdiction. The court found that a review of its cases concerning jurisdiction in recent years had taken inconsistent approaches in determining whether a time limitation is jurisdictional. It then discussed two lines of cases and concluded that the proper analytical approach was provided in the line of cases that focused on statutory interpretation, i.e., whether the legislature intended the time limitation to be jurisdictional. *Williams* cited *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission*, supra, 227 Conn. 848, as one of those cases providing the proper analysis. See *Williams* v. *Commission on Human Rights & Opportunities*, supra, 257 Conn. 267.

We conclude, therefore, that *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission*, supra, 227 Conn. 848, controls the outcome of this case. Furthermore, *Searles* v. *Dept. of Social Services*, supra, 96 Conn. App. 511, was decided in 2006, after *Williams*, and concluded that the trial court lacked subject matter jurisdiction over the plaintiff's administrative appeal because "[s]ection 4-183 (c) requires that

[8] General Statutes § 46a-82 provides in relevant part: "(a) Any person claiming to be aggrieved by an alleged discriminatory practice . . . may, by himself or his attorney, make, sign and file with the commission [on human rights and opportunities] a complaint in writing under oath . . . .

"(e) Any complaint filed pursuant to this section must be filed within one hundred and eighty days after the alleged act of discrimination . . . ."

both service on the agency and the filing of the appeal with the Superior Court occur within the forty-five day period. The plaintiff did not comply with the statute. The court, therefore, was without jurisdiction to consider the plaintiff's appeal . . . ." Id., 514.

Here, it is undisputed that the defendant's final decision was mailed to the parties on October 31, 2003. The plaintiffs, therefore, were required to file their administrative appeal with the Superior Court on or before December 15, 2003. The plaintiffs' appeal, as evidenced by the court's file stamp, was filed with the Superior Court on December 26, 2003, more than forty-five days after the mailing of the defendant's final decision. The plaintiffs failed to comply with the jurisdictional time limitation set forth in § 4-183 (c). Accordingly, although the court properly rendered judgment dismissing the plaintiffs' administrative appeal, the appeal should have been dismissed for lack of subject matter jurisdiction rather than on the substantive merits of the case.

The form of the judgment is improper; the judgment is reversed and the case is remanded to the trial court with direction to dismiss the appeal for lack of subject matter jurisdiction.

In this opinion the other judges concurred.