******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROGER EMERICK *v.* FREEDOM OF INFORMATION
COMMISSION ET AL.
(AC 36114)

DiPentima, C. J., and Sheldon and Flynn, Js.

*Argued November 13, 2014—officially released March 31, 2015*

(Appeal from Superior Court, judicial district of New Britain, Hon. Howard T. Owens, judge trial referee.)

*Roger Emerick*, self-represented, the appellant (plaintiff).

*Kerry A. Colson*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellee (defendant Commissioner of Public Health).

*Clifton A. Leonhardt*, chief counsel, for the appellee (named defendant).

*Opinion*

PER CURIAM. The plaintiff, Roger Emerick, appeals from the judgment of the trial court dismissing his administrative appeal from the decision of the defendant Freedom of Information Commission (commission). The plaintiff had filed a complaint with the commission claiming that the defendant Department of Public Health (department) improperly had denied him access to certain public records. We conclude that the court properly determined that the plaintiff's appeal of the commission's decision was untimely and, accordingly, properly dismissed the appeal.[1]

The following facts pertinent to this appeal are not in dispute. On January 3, 2012, the plaintiff filed a complaint with the commission alleging that the department improperly had denied him access to public records. On October 25, 2012, the hearing officer issued a proposed decision concluding that the documents that had been withheld by the department were protected from disclosure pursuant to General Statutes § 1-210 (b) (4) and (10),[2] and therefore the department had not violated the Freedom of Information Act, General Statutes § 1-200 et seq. The commission ultimately adopted the proposed decision of the hearing officer as its final decision on November 14, 2012.

On November 20, 2012, the plaintiff filed a petition for reconsideration and/or reargument of the final decision of the commission. See General Statutes § 4-181a. Specifically, he claimed that the November 14, 2012 proceedings had not been recorded due to technical difficulties and that a transcript was necessary for subsequent judicial review. The department objected, and the plaintiff filed a response, seeking for the first time to present additional evidence on a matter that had not been raised in his initial request. See General Statutes § 4-181a (a) (1) (B).

On December 12, 2012, the commission granted the plaintiff's petition, limited to the relief sought in his November 20, 2012 petition. After hearing oral argument, the commission affirmed the final decision.

On December 13, 2012, the plaintiff again filed a petition for reconsideration based on new evidence pursuant to § 4-181a (a) (1) (B). On January 9, 2013, at a commission meeting, this petition was denied. Notice of the denial was mailed to the parties on January 17, 2013. On February 27, 2013, the plaintiff filed an appeal under General Statutes § 4-183 in the Superior Court.

The defendants filed a joint motion to dismiss the plaintiff's appeal for lack of subject matter jurisdiction, contending that the appeal was untimely pursuant to § 4-183 (c) (2). The plaintiff filed an opposition to the motion. The court dismissed the plaintiff's appeal, and this appeal followed.

We begin by stating certain well established legal principles that guide our resolution of this appeal. "There is no absolute right of appeal to the courts from a decision of an administrative agency. . . . The UAPA [Uniform Administrative Procedures Act] grants the Superior Court jurisdiction over appeals of agency decisions only in certain limited and well delineated circumstances. . . . Judicial review of an administrative decision is governed by . . . § 4-183 (a) of the UAPA, which provides that [a] person who has exhausted all administrative remedies . . . and who is aggrieved by a final decision may appeal to the superior court . . . ." (Internal quotation marks omitted.) *Ferguson Mechanical Co.* v. *Dept. of Public Works*, 282 Conn. 764, 771, 924 A.2d 846 (2007).

"The standard of review of a challenge to a court's granting of a motion to dismiss is well established. In an appeal from the granting of a motion to dismiss on the ground of subject matter jurisdiction, this court's review is plenary. A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Pierce* v. *Lantz*, 113 Conn. App. 98, 101, 965 A.2d 576, cert. denied, 293 Conn. 915, 979 A.2d 490 (2009).

"[O]nce the question of lack of jurisdiction of a court is raised . . . [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Citation omitted; internal quotation marks omitted.) *Pine* v. *Dept. of Public Health*, 100 Conn. App. 175, 179–80, 917 A.2d 590 (2007).

Section 4-183 (c)[3] sets forth the time frame to file an administrative appeal with the Superior Court. The failure to file such an appeal within that time frame deprives the court of subject matter jurisdiction. *Commission on Human Rights & Opportunities* v. *Windsor Hall Rest Home*, 232 Conn. 181, 187, 653 A.2d 181 (1995); see also *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission*, 227 Conn. 848, 853, 633 A.2d 305 (1993); *Pine* v. *Dept. of Public Health*, supra, 100 Conn. App. 181.

The dispute in this appeal centers on the date that

the forty-five day time period to appeal commenced. The plaintiff maintains that notice of the denial of his motion for reconsideration was mailed on January 17, 2013, and therefore, he had forty-five days from that date to file the appeal in Superior Court and to serve the commission.[4] The defendants counter that the forty-five day time period commenced on January 9, 2013, the date that the commission orally denied the motion for reconsideration,[5] and therefore the appeal, filed on February 27, 2013, was untimely. We agree with the defendants.

In *Citizens Against Overhead Power Line Construction* v. *Connecticut Siting Council,* 139 Conn. App. 565, 574, 57 A.3d 765 (2012), aff'd, 311 Conn. 259, 86 A.3d 463 (2014), we observed that § 4-183 (c) "clearly lists four distinct scenarios and provides that a plaintiff shall appeal within whichever time frame is applicable and occurs latest." In the present case, a motion for reconsideration was filed by the plaintiff, and denied by the commission. Therefore, § 4-183 (c) (2) was the applicable subdivision of the statute, and it provides that an appeal must be filed "within forty-five days after the agency denies a petition for reconsideration of the final decision pursuant to subdivision (1) of subsection (a) of section 4-181a." Unlike subdivisions (1)[6] and (3) of § 4-183 (c), there is no mention in § 4-183 (c) (2) of the mailing date of the final decision.[7] Pursuant to subdivision (2), it is the denial of the petition for reconsideration that commences the time period for an appeal.

"[An appellate] court cannot, by judicial construction, read into legislation provisions that clearly are not contained therein." (Internal quotation marks omitted.) *Okeke* v. *Commissioner of Public Health,* 304 Conn. 317, 329, 39 A.3d 1095 (2012); see also *Southwick at Milford Condominium Assn., Inc.* v. *523 Wheelers Farm Road, Milford, LLC,* 294 Conn. 311, 320–21, 984 A.2d 676 (2009). Put another way, "[w]e are not free . . . to create ambiguity when none exists . . . we cannot accomplish a result that is contrary to the intent of the legislature as expressed in [a statute's] plain language. . . . [A] court must construe a statute as written. . . . The intent of the legislature, as [our Supreme Court] has repeatedly observed, is to be found not in what the legislature meant to say, but in the meaning of what it did say." (Internal quotation marks omitted.) *LaPlante* v. *Vasquez,* 136 Conn. App. 805, 814, 47 A.3d 897 (2012). The legislature enacted § 4-183 (c) (2) without the "after mailing" language contained in subdivisions (1) and (3) of the that subsection, and we must interpret the statute as it is written. The court correctly determined that the plaintiff's appeal was untimely, and it consequently lacked jurisdiction over the appeal. See *Searles* v. *Dept. of Social Services,* supra, 96 Conn. App. 513–14. We conclude, therefore, that the court properly dismissed the plaintiff's appeal.

The judgment is affirmed.

[1] The plaintiff also argues that it was reversible error for the court to use a "verbatim copy" of the defendants' memorandum of law in support of the motion to dismiss as its memorandum of decision. Although we disfavor such practice; see *Tellar* v. *Abbott Laboratories, Inc.*, 114 Conn. App. 244, 247 n.3, 969 A.2d 210 (2009); we are not persuaded that the plaintiff suffered injustice as a result. *Cameron* v. *Avonridge, Inc.*, 3 Conn. App. 230, 235, 486 A.2d 661 (1985). We therefore reject this claim.

[2] General Statutes § 1-210 (b) provides in relevant part: "Nothing in the Freedom of Information Act shall be construed to require disclosure of . . .

"(4) Records pertaining to strategy and negotiations with respect to pending claims or pending litigation to which the public agency is a party until such litigation or claim has been finally adjudicated or otherwise settled . . .

"(10) Records, tax returns, reports and statements exempted by federal law or the general statutes or communications privileged by the attorney-client relationship, marital relationship, clergy-penitent relationship, doctor-patient relationship, therapist-patient relationship or any other privilege established by the common law or the general statutes, including any such records, tax returns, reports or communications that were created or made prior to the establishment of the applicable privilege under the common law or the general statutes . . . ."

[3] General Statutes § 4-183 (c) provides in relevant part: "(1) Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, or (2) within forty-five days after the agency denies a petition for reconsideration of the final decision pursuant to subdivision (1) of subsection (a) of section 4-181a, or (3) within forty-five days after mailing of the final decision made after reconsideration pursuant to subdivisions (3) and (4) of subsection (a) of section 4-181a or, if there is no mailing, within forty-five days after personal delivery of the final decision made after reconsideration pursuant to said subdivisions, or (4) within forty-five days after the expiration of the ninety-day period required under subdivision (3) of subsection (a) of section 4-181a if the agency decides to reconsider the final decision and fails to render a decision made after reconsideration within such period, whichever is applicable and is later, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford and file the appeal with the clerk of the superior court for the judicial district of New Britain or for the judicial district wherein the person appealing resides or, if that person is not a resident of this state, with the clerk of the court for the judicial district of New Britain. . . ."

[4] "Section 4-183 (c) requires both service on the agency and the filing of the appeal with the Superior Court occur within the forty-five day period." *Searles* v. *Dept. of Social Services*, 96 Conn. App. 511, 514, 900 A.2d 598 (2006); see also *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission,* supra, 227 Conn. 853.

[5] The defendant was present when the commission orally denied his petition for reconsideration.

[6] We note that subdivision (1) of § 4-183 (c) is inapplicable to the present case because the plaintiff filed a petition for reconsideration. See *Citizens Against Overhead Power Lines Construction* v. *Connecticut Siting Council,* supra, 139 Conn. App. 575.

[7] Section 4-183 (c) (4) addresses the situation when a motion for reconsideration has been filed, and not acted upon, also does not contain any language regarding a mailing date. This subdivision is not applicable to the present case because the commission *did* act upon the motion for reconsideration filed by the plaintiff.